116 A.3d 568

IN THE MATTER OF ELAINE T. SAINT–CYR, AN ATTORNEY
AT LAW (ATTORNEY NO. 009061993).

July 2, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–222, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **ELAINE T. SAINT–CYR** of **DENVILLE**, who was admitted to the bar of this State in 1993, and who has been suspended from the practice of law since April 29, 2010, should be suspended from the practice of law for a period of one year for violating *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And **ELAINE T. SAINT–CYR** having failed to appear on the Order directing her to show cause why she should not be disbarred or otherwise disciplined, and the Court having held in *In re Kivler*, 193 *N.J.* 332, 939 *A.*2d 216 (2008) that a respondent's unexcused failure to comply with an Order to Show Cause may be a basis for enhanced discipline;

And the Court having determined from its review of the matter that a two-year term of suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **ELAINE T. SAINT–CYR** is suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that respondent's suspension from practice entered by Orders of this Court filed March 26, 2010, June 7, 2012, and July 19, 2012, shall continue pending the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.